Cordell D. JENNINGS, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

95–3061.

United States Court of Appeals,
Federal Circuit.

July 6, 1995.

Cordell D. Jennings, Jersey City, NJ, submitted pro se.

Eric D. Flores, Merit Systems Protection Bd., of Washington, DC, submitted for respondent.

Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.

Opinion for the court filed by Circuit Judge LOURIE. Dissenting opinion filed by Circuit Judge PAULINE NEWMAN.

LOURIE, Circuit Judge.

Cordell D. Jennings petitions for review of the final decision of the Merit Systems Protection Board, Docket Nos. NY752S940321–I–1 and NY752S940322–I–1, dismissing his appeal for lack of jurisdiction over two suspensions. Because the board did not err in dismissing Jennings' appeal for lack of jurisdiction, we affirm.

## BACKGROUND

The United States Postal Service ("agency") employed Jennings as a custodian. On March 3, 1994, his supervisor, Wifredo Ruiz, discovered that Jennings was missing from his place of assignment. Upon investigation, Ruiz found him playing cards with other employees. Ruiz ordered him to return to work. He ignored the order.

As a result of this incident, the agency notified Jennings on March 16 that he was being suspended for fourteen days because he failed to follow a direct order and he was missing from his place of assignment. The notice stated: "You are hereby notified that you will be suspended for a period of 14 calendar days beginning on 4/9/94. You are to return to duty [on Monday,] 4/25/94...." The notice further indicated that Jennings' regularly scheduled days off were Saturday and Sunday.

On April 6, 1994, before serving his first suspension, Jennings allegedly threatened his supervisor. In response, the agency issued a notice of "Emergency Placement in Off–Duty Status" that charged Jennings with "verbally threatening his supervisor." Based on this charge, the agency suspended him a second time to begin April 25, 1994. He remained in off-duty status until May 8, when he was placed on administrative leave.

Jennings timely appealed his suspensions to the board. An administrative judge dismissed his appeal for lack of jurisdiction because he was subject to two suspensions of fourteen days each, which are not appealable to the board. See 5 U.S.C. § 7512(2) (1994) (board has jurisdiction over suspensions of more than fourteen days). The board denied Jennings' petition for review of the initial decision, and the decision became final on September 23, 1994.

## DISCUSSION

■ Our review of the board's decision is limited by statute. We may hold unlawful and set aside any agency action, findings, or conclusions found to be arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Hathaway v. Merit Sys. Protection Bd.*, 981 F.2d 1237, 1240 (Fed.Cir.1992).

■ On appeal, Jennings argues that his first suspension was actually for sixteen days, not fourteen days. He asserts that the suspension began on April 9 and ended sixteen days later on April 25. Therefore, he believes the board had jurisdiction over his appeal. We disagree.

A federal employee is provided the right to petition to the board for review of any "suspension of more than 14 days." 5 U.S.C. § 7512(2) (1994). The term "suspension" is defined by 5 U.S.C. § 7501(2) as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." Here, substantial evidence supports the board's finding that Jennings was suspended for only fourteen days. The agency's "Notice of Suspension" clearly indicated that the suspension was for fourteen days. Therefore, his fourteen day suspension ended on Friday, April 22. The fact that the agency notified Jennings to return to work on Monday, April 25, instead of Saturday, April 23, did not extend his suspension. He had neither duties nor entitlement to pay on Saturday and Sunday. The agency notified him to return to work on April 25 because Saturday, April 23, and Sunday, April 24, were not scheduled as work days. See *Perez v. United States Postal Serv.*, 52 M.S.P.R. 248, 250 n. 2 (1992) ("Because the appellant was not returned to work on May 4, 1991, based on his predetermined work schedule rather than disciplinary reasons, the suspension cannot be deemed to have lasted more the 14 days.").

■ Jennings also argues that, for purposes of determining jurisdiction, the duration of his two suspensions should be combined because they were served consecutively. Therefore, Jennings believes that the board had jurisdiction over his appeal because his two suspensions together totalled more than fourteen consecutive days. Again, we disagree.

Jennings was subjected to two separate disciplinary suspensions of fourteen days each. The first suspension resulted from Jennings failure to follow orders; the second from a separate incident that occurred over a month later involving verbal threats against his supervisor. Because these two suspensions arose out of separate events and circumstances, they cannot be combined to constitute a single suspension for the purpose of determining jurisdiction. Otherwise, contrary to logic, two unrelated agency actions that were not covered under 5 U.S.C. § 7512 would become appealable merely because the suspensions were served consecutively.

Moreover, it was not necessary for the agency to allow an intervening work day in order to retain the designation of each suspension as one of not more than fourteen days. The exigencies of the incident that led to the second suspension could reasonably have justified a suspension beginning on the day Jennings was to return from his first suspension. The fact that the suspensions arose from different events was sufficient to constitute them as separate, non-combinable suspensions.

We have considered Jennings' other arguments and do not find them persuasive. Therefore, the decision of the board is

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, dissenting.

As a result of two consecutive suspensions, Mr. Jennings was placed "for disciplinary reasons, in a temporary status without duties and pay," 5 U.S.C. § 7501(2), for more than 14 consecutive days. Because the Board has jurisdiction of the appeal of a suspension for more than 14 days, 5 U.S.C. § 7512(2), the Board erroneously dismissed Mr. Jennings' appeal for lack of jurisdiction.

### The First Suspension

On March 16, 1994 Mr. Jennings was notified by the United States Postal Service that he was suspended for 14 days, beginning on Saturday, April 9, 1994, for failing to follow a direct order and absence without leave. Mr. Jennings was directed to return to work on Monday, April 25; his regularly scheduled days off were Saturday and Sunday, April 23 and 24.

We do not know whether, in the ordinary course of events, Mr. Jennings would have been returned to pay status after 14 days, because the ordinary course of events did not occur. Instead, based on a second transgression on April 6, Mr. Jennings was again suspended for 14 days, that suspension to start on Monday, April 25. Mr. Jennings was not paid for the intervening 2 days. Mr. Jennings thus argues that his first suspension was for 16 days, since it lasted from April 9 though April 24, after which the second suspension started. I must agree, for it is undisputed that Mr. Jennings was not placed in duty and pay status after the 14-day suspension ended.

The government states that the notice of suspension stated that the suspension was for 14 days, and simply recognized that the ensuing 2 days were Mr. Jennings' regular days off. However, Mr. Jennings was not a "daily" worker who is not paid on weekends and holidays. Mr. Jennings was a full-time salaried employee who was paid on the usual bi-weekly schedule. Thus he was entitled to be returned to pay status after 14 days, not after 16 days. His 14-day suspension ended on April 22, not April 24. We need not speculate whether the reason he was not returned to pay status after 14 days was administrative error due to the fact of the second suspension, for the second suspension did not start until the 17th day after the start of the first suspension. The agency's failure to return Mr. Jennings to duty/pay status after 14 days negates the protestation that the suspension ended after 14 days.

The governing statute, 5 U.S.C. § 7512(2), is precise in its limit of 14 days. The Committee Report on the Civil Service Reform Act of 1978 explained that the purpose was to grant appeal rights when the suspension exceeded one full pay period:

Under existing law, suspensions of not more than 30 days are not considered adverse actions for the purpose of employee appeals. The committee recommends that the 30-day period be reduced to 14 days, which constitutes one full pay period in the executive branch. The committee believes

that a suspension of more than one full pay period is a penalty of such magnitude that an employee should have a right of appeal. H.R.Rep. No. 1403, 95th Cong., 2d Sess. at 21 (1978), U.S.Code Cong. & Admin.News 1978, 2723.

The strict rigor with which the statute has been applied, heretofore, is illustrated in the Merit Systems Protection Board decisions on the issue. In *Clark v. Department of State*, 3 MSPB 94, 2 M.S.P.R. 575 (1980) an employee received a notice suspending him for 14 days; the notice originally listed the suspension period as from July 16 to August 2 (18 days), but the agency corrected its mistake to 14 days before this period ended; the Board held that the correction served to defeat the right to appeal, for the actual period of suspension did not exceed 14 days. In *Karpovich v. Department of Navy*, 38 M.S.P.R. 330 (1988), a 15–day suspension was timely corrected to 14 days before the period was over; the Board held that this barred the statutory right of appeal.

The majority's reliance on *Perez v. United States Postal Service*, 52 M.S.P.R. 248 (1992) is unwarranted, for there is no indication in that opinion that the employee was deprived of whatever pay he would have been entitled to after the suspension ended. As authority for *Perez* the Board cites *Oates v. U.S. Postal Service*, 49 M.S.P.R. 571, 572–73 (1991), which the Board describes as holding that "although the appellant was not placed on administrative leave until the 16th day after his suspension, the suspension was deemed to have lasted for 14 days because the 15th day was a legal holiday for which the appellant was paid."

We do not know whether Mr. Jennings usually worked on weekends, but that is not relevant, for Mr. Jennings was a salaried employee on a bi-weekly pay schedule. The two unpaid days between the nominal end of the first suspension and the start of the second suspension can have no other status than as a continuation of the period of suspension. It is the removal from pay and duty status for more than 14 days that authorizes appeal, for the statute is explicit. Neither the agency nor the Board nor this court has authority to eliminate that statutory right. Since Mr. Jennings was in non-duty non-pay status for 16 days, this first suspension must be appealable in accordance with 5 U.S.C. § 7512(2).

### The Second Suspension

On April 6 Mr. Jennings is reported to have verbally threatened a supervisor, and on April 6 the Postal Service imposed a 14–day suspension, to start on Monday, April 25. The government states, and I agree, that the second suspension was for no more than 14 days. The government's count is 13 days, based on an asserted transfer to administrative leave (with pay) on May 8, the 14th day. Mr. Jennings states that his pay for administrative leave did not commence until May 9. On either count, the suspension that began on April 25 was for no more than 14 days.

Mr. Jennings argues that the two suspensions should be added, since they were consecutive. The Board held that they can not be added because the actions were announced at different times and for different reasons, and simply were served consecutively. 5 U.S.C. § 7512, however, is not concerned with the reasons for the disciplinary actions, but on the effect thereof. The only statutory qualification is that the employee have been suspended for more than 14 days. I repeat the principle stated in the legislative history, *supra*, that "The committee believes that a suspension of more than one full pay period is a penalty of such magnitude that an employee should have a right of appeal."

Although the government relies on *Synan v. Merit Systems Protection Board*, 765 F.2d 1099 (Fed.Cir.1985), the two suspensions in *Synan* were two months apart, and even the combined total did not exceed 14 days. There is indeed substantial precedent that holds that suspensions imposed to discipline separate infractions can not be added in order to provide the right of appeal; however, no such case showed contiguous suspensions that totalled more than 14 days. See, e.g., *Hightower v. Department of the Army*, 6 MSPB 151, 6 M.S.P.R. 170, 171 (1981) (5–day and 14–day suspensions, five months apart); *Price v. United States Veterans Administration*, 3 MSPB 206, 3 M.S.P.R. 91, 92 (1980) (5–day and 10–day suspensions a month

apart). In contrast, a total of more than 14 consecutive days without pay brings the action within the plain text, as well as the intent, of 5 U.S.C. § 7512(2).

Mr. Jennings was placed in non-duty, non-pay status for 29 (on the government's count) or 30 (on his count) consecutive days. There was no intervening duty/pay status. Whether or not the suspensions were for related infractions, 5 U.S.C. § 7512(2) grants the employee the right of appeal. The majority's holding is contrary to statute, and thus I must, respectfully, dissent.