**Brent D. WILLIAMS, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3017.

United States Court of Appeals, Federal Circuit.

March 9, 2001.

Before LOURIE, BRYSON, and LINN, Circuit Judges.

DECISION

PER CURIAM.

Brent D. Williams appeals from the decision of an arbitrator reversing the deci-

sion of the Department of the Air Force ("the Department") to remove him from employment, but ordering that he not receive back pay. *Hill Air Force Base, Dep't of the Air Force v. Am. Fed'n of Gov't Employees, Council 214,* No. 00–02898, slip op. at 13 (Aug. 29, 2000) (Goldberg, Arb.). Because the arbitrator did not err in refusing to award Williams back pay, we *affirm.*

## DISCUSSION

Mr. Williams has been employed in the Department at Hill Air Force Base in Utah since 1974. *Id.* at 6. In 1990, the Department instituted a Civilian Drug Testing Plan ("the Plan") setting forth procedures for the identification of illegal drug use by employees who hold sensitive positions identified as "testing designated positions" ("TDPs"). *Id.* at 3–4. Originally, the Department tested employees in TDPs through random screening for the use of marijuana and cocaine. *Id.* at 4. In 1994, Williams tested positive for cocaine use. *Id.* at 7. Nevertheless, he was allowed to continue his employment by entering into a "Last Chance Agreement," which required him to participate in a drug rehabilitation program and refrain from engaging in future drug-related misconduct. *Id.*

In February 1998, it was proposed that amphetamine and methamphetamine screening for civilian employees be added to the Plan. The American Federation of Government Employees, Local 1592 ("the Union"), of which Williams was a member, was notified of the change. *Id.* at 4. The Union negotiated an informal agreement with the Department that permitted the random testing of employees in TDPs for the additional drugs, but required that the Department provide those employees with a sixty-day "safe harbor" period to allow them to comply with the new testing policy. *Id.* The Department then issued a letter advising all employees that it "will begin to test for amphetamines, including methamphetamines, in addition to the illegal drugs previously identified for testing." *Id.* at 4–5. However, because all employees, and not just those in TDPs, were sent the letter, the Union threatened to file a complaint alleging an unfair labor practice. *Id.* at 5. In settlement of this dispute, the Department informally agreed that each employee in a TDP would be served with the letter personally, and that a signed copy of that letter would be maintained in his or her personnel records. *Id.*

On May 11, 1999, Williams was given a drug test that produced a positive result for amphetamine and methamphetamine. *Id.* at 7. Based upon that positive test result, the Department removed him, effective September 3, 1999. *Id.* However, Williams was not given a copy of the letter explaining the new testing policy until August 18, 1999, and there was no signed copy of that letter in his personnel records prior to that time. *Id.*

Williams filed a grievance with the Department challenging the removal action on September 1, 1999, whereupon the parties agreed to settle the dispute by arbitration. The arbitrator held that Williams' removal was improper because the Department denied him due process by violating its agreement with the Union requiring that notice of its new testing policy be provided to employees in TDPs. *Id.* at 12–13. However, because he was guilty of misconduct that violated the conditions in his "Last Chance Agreement," the arbitrator reinstated Williams without back pay. *Id.* at 13. Williams timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

This court reviews an appeal from an arbitrator's decision under the same standard of review that governs appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (1994); *Cornelius v. Nutt,*

472 U.S. 648, 661 n. 16, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985); *Grigsby v. Dep't of Commerce,* 729 F.2d 772, 774 (Fed.Cir. 1984). We must therefore affirm the arbitrator's decision unless it was: "(1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Jennings v. MSPB,* 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, Williams argues that he is entitled to back pay under 5 U.S.C. § 5596 (1994 & Supp. V 1999) from the period of September 3, 1999 to the date of his reinstatement. He contends that the arbitrator misapplied the harmful error rule in refusing to award back pay because, had he received the notice to which he was entitled, he would never have tested positive for amphetamine use in the first place. Williams further argues that the arbitrator erred in not ordering reinstatement with back pay because that is the proper remedy when reversing removal decisions.

We conclude that the arbitrator did not err in reinstating Williams without back pay. Nothing in 5 U.S.C. § 5596 requires that back pay must be awarded to all employees who successfully challenge a removal action. We have previously held in *American Federation of Government Employees, Local 2718 v. Department of Justice, Immigration and Naturalization Service,* 768 F.2d 348, 350 (Fed.Cir.1985), that 5 U.S.C. § 5596(b)(1)(A)(i) requires back pay to be awarded as a matter of law where a removal or suspension action is *reversed,* precisely because that action was "unjustified or unwarranted," but does not apply to a situation in which the employee engaged in misconduct that led to the removal action, and therefore the arbitrator only *mitigated* the removal rather than reversed it. Furthermore, arbitrators

have broad discretion in fashioning a just award that takes into account the parties' mutual interests and conduct. *Id.* at 351. In refusing to award back pay, the arbitrator found that Williams' drug use constituted a "serious offense" that "runs counter to [the] agreed-upon conditions for continued employment" that resulted from his previous drug offense. We therefore conclude that the arbitrator properly considered Williams' misconduct when he only mitigated his penalty to reinstatement without back pay, and that the arbitrator did not abuse his discretion in fashioning such a remedy.

Because the arbitrator's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.