Andrew J. JOHNSON, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,**
Respondent.

No. 01–3148.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 12, 2001.

Before MAYER, Chief Judge, LOURIE and RADER, Circuit Judges.

## DECISION

PER CURIAM.

Andrew J. Johnson appeals from the final decision of the Merit Systems Protection Board, which dismissed for lack of jurisdiction his appeal from the decision of the United States Postal Service ("the agency") denying his Equal Employment Opportunity ("EEO") complaint. *Johnson v. United States Postal Serv.*, No. AT–0752–00–0314–I–1, 87 M.S.P.R. 530 (M.S.P.B. Nov. 17, 2000) (final order). Because the Board properly dismissed his appeal for lack of jurisdiction, we *affirm*.

## DISCUSSION

Mr. Johnson is employed as a City Letter Carrier in the Brookhaven, Mississippi Post Office. *Johnson v. United States Postal Serv.*, No. AT–0752–00–0314–I–1, slip op. at 2, 87 M.S.P.R. 530 (M.S.P.B. June 22, 2000) (initial decision). Johnson was terminated by the agency, effective September 28, 1996, for unacceptable behavior in the workplace, and he thereafter filed a grievance under the agency's nego-tiated grievance procedure. *Id.* An arbitration hearing was held on February 14, 1997 to resolve that grievance. *Id.* The arbitrator determined, *inter alia*, that there was no just cause for Johnson's removal and ordered him to be reinstated without back pay. *Id.* However, the parties subsequently agreed that the portion of the decision of the arbitrator regarding Johnson's removal had been premature. *Id.* On April 20, 1997, Johnson entered into a settlement agreement with the agency in which he acknowledged that part of the arbitrator's decision was untimely and the agency agreed to reinstate Johnson without back pay, effective May 3, 1997. *Id.*

On May 30, 1997, Johnson filed an EEO complaint with the agency alleging that his removal was based upon race, sex, age, and retaliatory discrimination, and requesting monetary damages for the pain and suffering caused by that discrimination. *Id.* On December 8, 1999, the agency informed Johnson of its final decision rejecting his EEO complaint because he failed to provide sufficient evidence of discrimination. *Id.*

Johnson thereafter initiated the present action at the Board alleging that the agency improperly rejected his EEO complaint. The administrative judge dismissed Johnson's claim for lack of jurisdiction, stating that the 1997 settlement agreement contained no provision reserving Johnson's right to appeal his removal to the Board, and that Johnson did not argue that he involuntarily entered into that agreement. *Id.* at 3. The full Board denied his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2001). Johnson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

■ The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's deci-

sion unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Jennings v. MSPB,* 59 F.3d 159, 160 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); 5 C.F.R. § 1201.3(a) (2001). The scope of the Board's jurisdiction is a question of law that we review *de novo. Bolton v. MSPB,* 154 F.3d 1313, 1316 (Fed.Cir. 1998). Johnson has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i) (2001).

 On appeal, Johnson argues that the Board's dismissal of his appeal was improper because it failed to apply the correct legal standards in concluding that it did not have jurisdiction to hear his appeal. We agree with the Board that it lacked jurisdiction to hear Johnson's appeal. The Board possesses jurisdiction to consider allegations of discrimination only when those allegations are connected to an otherwise appealable adverse personnel action. 5 U.S.C. § 7702(a)(1) (1994). Johnson has failed to demonstrate any such appealable action. When an employee grieves an adverse action with an agency and ultimately settles that grievance, the Board has no jurisdiction over that action, other than pursuant to a petition for enforcement, as long as the employee voluntarily entered into the settlement. *Mays v. United States Postal Serv.,* 995 F.2d 1056, 1059–1060 (Fed.Cir.1993). Johnson has not alleged that he involuntarily entered into the 1997 settlement agreement, and his action is not a petition for enforcement; the agreement also did not provide him with the right to pursue any further action at the Board regarding his removal. Thus, although his EEO complaint refers to his 1996 removal, that removal was no longer an appealable action once he settled his grievance with the agency. *See id.* at 1060 ("The burden is on the employee to expressly reserve the [right to appeal to the Board] if he chooses to settle a grievance."). We therefore conclude that the Board properly dismissed Johnson's appeal for lack of jurisdiction.

We have considered Johnson's remaining arguments and find them to be unpersuasive. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.