**Elizabeth B. PRICE, Petitioner,**

v.

**UNITED STATES NAVY, Respondent.**

**No. 01–3164.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 7, 2001.

Before NEWMAN, MICHEL, and LOURIE, Circuit Judges.

### DECISION

PER CURIAM.

Elizabeth B. Price appeals from the final decision of the Merit Systems Protection

Board affirming the decision of the Department of the Navy that she did not meet the eligibility requirements to make an election to combine her service in a nonappropriated fund instrumentality ("NAFI") with her subsequent service creditable under the Federal Employees Retirement System ("FERS"). *Price v. Dep't of the Navy*, No. DC–0846–00–0236–I–1, 87 M.S.P.R. 532 (M.S.P.B. Dec. 15, 2000) (final order). Because Price has not shown that the Board erred, we *affirm.*

## DISCUSSION

Ms. Price was employed in a NAFI from September 25, 1972, until January 14, 1984, and from November 21, 1988, through January 27, 1990. *Price v. Dep't of the Navy*, No. DC–0846–00–0236–I–1, slip op. at 2 (M.S.P.B. Apr. 21, 2000) (initial decision). After being employed in a number of other governmental positions not relevant to this appeal, Price worked at the Department in a career appropriated fund position covered by FERS from January 1, 1987, through November 20, 1988, and from January 29, 1990, until she retired on January 28, 2000. *Id.* Upon retiring, Price sought to make an alternative election of FERS service credit for her periods of NAFI service under the National Defense Authorization Act for Fiscal Year 1996 ("the NDAA"), Pub.L. 104–106, 110 Stat. 186, the Portability of Benefits for Nonappropriated Fund Employees Act of 1990 ("the PBNFEA"), Pub.L. 101–508, 104 Stat. 1388, and various regulations promulgated pursuant thereto. *Id.* The Department determined that Price was ineligible to make such an election because she did not meet the requirements set forth in those statutes and regulations. *Id.*

Price initiated the present appeal to the Board alleging that the Department erroneously denied her eligibility to apply her NAFI service to her FERS retirement credit. *Id.* The Administrative Judge ("AJ") assigned to the case affirmed the decision of the Department, reasoning that Price was not a vested participant in the NAFI retirement system prior to her move to her final FERS-covered position, and that she was not continually covered under FERS since her move from her first NAFI position. *Id.* at 5. The AJ also rejected Price's argument that the Department waived the requirements for eligibility by giving her misleading information because reliance on mistaken advice given by a government official does not estop the government from denying monetary benefits. *Id.* The full Board denied her petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2001). Price timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). Price has the burden of demonstrating by a preponderance of the evidence that the statutory requirements for her entitlement to a retirement credit have been met. 5 C.F.R. § 1201.56(a)(2) (2001).

On appeal, Price does not argue that the Board erroneously characterized her service at the Department or improperly applied the requirements set forth in the applicable statutes and regulations. Price argues only that she "was lead [sic] to believe that all [her NAFI] time would be combined" with her FERS-credited ser-

**802**

vice, and therefore that the Department waived the requirements for eligibility to combine non-FERS employment with time served in a position covered by FERS.

■ We agree with the Board that the Department properly determined that Price was not eligible to combine her NAFI service with her service creditable under FERS. The PBNFEA, which permits combinability of NAFI service with other government service, applies to employees that transfer from NAFI positions after December 31, 1986. Pub.L. 101–508, 104 Stat. 1388 (1990). Having transferred from her original NAFI position on January 14, 1984, Price is not eligible to combine her initial NAFI service with any subsequent service under that statute. Furthermore, the NDAA allows a "vested participant" in a NAFI retirement system to elect to combine that service with subsequent FERS-covered service if that employee has been continuously covered by FERS since moving to the FERS position. 5 C.F.R. 847.402(b)(5) (2001). Because Price had not been continuously covered under FERS after her 1984 transfer from her original NAFI position, she is not eligible under that regulation as well.

■ Moreover, even if it is true that Price was given false information by individuals employed in the Department regarding the applicability of her NAFI service to her FERS retirement benefits, that would not establish her eligibility to combine those periods of service. The Supreme Court has made clear that the United States cannot be estopped from denying monetary benefits not otherwise permitted by law, even if the claimant was denied those benefits due to reliance on mistaken advice given by a government official. *OPM v. Richmond*, 496 U.S. 414, 424, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). The Board therefore did not err in affirming the Department's decision to deny Price's

request to combine her NAFI service with her service creditable under FERS.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.