Segundo D. APILADO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3212.

United States Court of Appeals, Federal Circuit.

Nov. 7, 2001.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Segundo D. Apilado petitions for review of the final decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM"), which denied his application for an annuity under the Civil Service Retirement Act ("CSRA"), 5 U.S.C § 8331–8351. *Apilado v. OPM*, No. SE–0831–00–0156–I–1, 2001 WL 219437 (M.S.P.B. Feb.22, 2001) (final order). Because Apilado has not shown that the Board erred, we *affirm*.

## DISCUSSION

Mr. Apilado was allegedly employed by the Department of the Army in Manila, Philippines, from 1941 to 1945 and 1946 to 1949. *Apilado v. OPM*, No. SE–0831–00–0156–I–1, slip op. at 3 (M.S.P.B. June 14, 2000) (initial decision). On July 14, 1991, Apilado submitted an application for benefits under the Civil Service Retirement System. OPM could not locate Apilado's service records, and requested that Apilado produce documentation verifying his employment by the Army. *Id.* Apilado produced no documentary evidence of his employment, and was only able to provide a temporary work pass, dated October 12, 1945, stating that he was a laborer foreman at Quartermaster Depot 17. *Id.*

OPM denied his application for benefits under 5 U.S.C. § 8333, and Apilado timely appealed OPM's decision to the Board. The Administrative Judge affirmed OPM's decision, concluding that Apilado did not qualify for benefits under the CSRA because he did not satisfy his burden of proving that he was an "employee" within the meaning of 5 U.S.C. § 2105. *Id.* at 4. The full Board denied his petition for review, thus rendering that decision final. *See* 5 C.F.R. § 1201.113(b) (2001). Apilado timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). Apilado has the burden of proving by preponderant evidence that the statutory requirements for entitlement have been met. *See* 5 C.F.R. § 1201.56(a)(2) (2001).

On appeal, Apilado argues that he is eligible for an annuity under the 1942 version of the CSRA, Pub.L. No. 411, ch. 16, § 5, 56 Stat. 13, 16 (1942) (current version at 5 U.S.C. § 8333 (2000)), and that the Board failed to properly consider the evidence he presented to establish his claim to entitlement.

We conclude that the Board did not err in affirming OPM's denial of benefits. The 1942 version of the CSRA required the completion of five years of creditable service, ending in any period of covered service. *Id.* In order for service to be either

creditable or covered, it must be served in a position that meets the definition of an "employee" set forth in 5 U.S.C. § 2105. 5 U.S.C. § 8331(1)(A) (2000). An "employee" is defined as one who is: (1) appointed by a federal officer acting in his or her official capacity; (2) engaged in the performance of a federal function under the authority of law or an executive order; or (3) under the supervision and direction of a federal official while engaged in the duties of his position. *See* Pub.L. No. 411 (current version at 5 U.S.C. § 2105 (2000)). The only evidence before the Board, the temporary pass, did not reveal the nature of Apilado's appointment by the Army and thus gave no indication whether he could be classified as an "employee." On appeal, Apilado has not produced any additional evidence, relevant or otherwise, indicating that his alleged employment by the Army qualifies for benefits under the CSRA. Nor has Apilado pointed to any error in the Board's analysis of the evidence before it. We therefore conclude that the Board properly determined that Apilado did not satisfy his burden of proving that he was an "employee" entitled to an annuity under the CSRA.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.