Leonard L. MCCANTS, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3308.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 10, 2002.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

## DECISION

Leonard L. McCants appeals from the decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") that he had been overpaid $17,280.65 in civil service annuity benefits as the conservator and representative payee for Robert E. Ford. *McCants v. OPM,* No. DC–831M–01–0268–I–1, slip op. at 5 (MSPB June 6, 2001). Because McCants has not shown that the Board erred, we *affirm.*

## DISCUSSION

Mr. McCants was appointed as the conservator for Robert E. Ford by the Superior Court for the District of Columbia on July 8, 1998. *Id.* at 2. Mr. Ford had retired in February 1980 under the Civil Service Retirement Act ("CSRA"), 5 U.S.C. 8331–8351, and thus was the beneficiary of an annuity for his years of federal service. *Id.* On August 11, 1998, McCants submitted a Form RI 20–7 "Representative Payee Application" to OPM, which requested that he receive the monthly annuity payments on behalf of Mr. Ford. *Id.* That form stated in relevant part that "I agree that I will be liable for any payments which I receive after the annuitant's death. I understand that all such payments will be considered debts to the U.S. Government and are to be immediately returned to the U.S. Treasury Department." On November 2, 1998, McCants notified OPM in writing that Mr. Ford's wife had died in April 1984, and that deductions for survivor benefits had been erroneously withheld from Mr. Ford's annuity payments since that time. *Id.* OPM subsequently agreed to pay the accrued annuity benefits previously withheld, which totaled $11,214.90 after taxes.

Mr. Ford died on December 24, 1998. Nevertheless, OPM continued to send annuity checks to McCants on January 1, February 1, March 1, April 1, and May 1, 1999. *Id.* The February annuity payment included the $11,214.90 refund for the amounts withheld for survivor benefits since May 1, 1984. *Id.* In January 1999, Shermanita Ford, Mr. Ford's daughter, was appointed by the Superior Court for the District of Columbia as the Personal Representative of her father's estate. *Id.* at 3. In June 1999, she submitted an application for death benefits to OPM. *Id.* OPM made a lump sum payment to Ms. Ford for the twenty-four days of December preced-

ing her father's death, which represented the amount that should have been included in the January 1, 1999, annuity check. *Id.*

After learning of Mr. Ford's death, OPM notified McCants on August 11, 1999, that under 5 U.S.C. § 8345(c), Mr. Ford's annuity terminated on the day of his death, that he was not entitled to any of the annuity checks issued after December 1, 1998, and that he therefore was liable for the $17,280.65 in annuity payments that he erroneously received. *Id.* at 2–3. Upon McCants' request for reconsideration, OPM affirmed its initial decision. *Id.*

McCants initiated the present appeal to the Board alleging that although OPM is entitled to a refund for the $6,065.75 in monthly annuity payments that accrued after Mr. Ford's death, he is not obligated to refund the portion of the February 1, 1999, annuity check representing payment for the survivor deductions that had been erroneously withheld from Mr. Ford's annuity since May 1, 1984. *Id.* Thereafter, Ms. Ford intervened in the appeal, and joined OPM in claiming that McCants should return the amounts of the annuity checks that were issued to him between January 1 and May 1, 1999, so that the money could be distributed according to the statutory order of precedence. *Id.* The Administrative Judge assigned to the case affirmed OPM's decision, reasoning that 5 U.S.C. § 8342 requires that any accrued-but-unpaid annuity be distributed in accordance with the statutory order of precedence set forth in § 8342(c), which does not include a conservator. *Id.* at 5. McCants did not request review of the initial decision, thus rendering that decision final. *See* 5 C.F.R. § 1201.113(b) (2001). McCants timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, McCants argues, *inter alia*, that the $11,214.90 payment was not an annuity payment within the meaning of 5 U.S.C. § 8345(a), but rather was a lump sum payment for the erroneous survivor benefits deductions dating back to May 1, 1984. McCants therefore argues that the statutory order of precedence set forth in § 8342(c) does not apply to that payment, and that he is not obligated to repay that money.

We conclude that the Board did not err in affirming OPM's decision that McCants is liable for the full overpayment debt of $17,280.65. The requirements for creating a survivor annuity are set forth in 5 U.S.C. § 8339(j)(4), which provides that: "In order to provide a survivor annuity ... the annuity of an employee ... is reduced by 2 ½ percent of the first $3,600 thereof plus 10 percent of so much thereof that exceeds $3,600." 5 U.S.C. § 8339(j)(4) (2000). Section 8339(j)(5)(i) provides that such a reduction in an employee's annuity "shall be terminated for each full month ... after the death of the spouse...." 5 U.S.C. § 8339(j)(5) (2000). Therefore, once an annuitant's spouse has died, the amount of the deduction that had been made for the survivor annuity automatically becomes part of the employee's annuity, regardless whether or not OPM has properly included that money in the regular monthly annuity payment. Accordingly, the money that had been deducted for his wife's survivor annuity began accruing in Mr. Ford's annuity as of May 1, 1984, and

any payment of those amounts later made by OPM to compensate for any erroneous survivor annuity deductions must be considered to be an annuity payment under the CSRA.

Section 8342 of title 5 of the United States Code expressly governs the distribution of lump sum benefits arising from annuity monies that have accrued but are unpaid at the time of the annuitant's death. Section 8342(f) provides that "[I]f an annuitant dies, annuity accrued and unpaid shall be paid." 5 U.S.C. § 8342(f) (2000). Subsection (f) is governed by § 8342(c), which states in relevant part that: "Lump-sum benefits authorized by subsections (d)-(f) of this section shall be paid to the person or persons surviving the employee or Member and alive at the date title to the payment arises in the following order of precedence, and payment bars recovery by any other person...." 5 U.S.C. § 8342(c) (2000). The statutory order of precedence includes designated beneficiaries, widows, children, parents, executors or administrators, and next of kin. *Id.* Neither a conservator nor a representative payee is mentioned, and McCants is therefore not entitled to the $11,214.90 annuity payment.

Moreover, McCants expressly agreed to return *any* payments he received after Mr. Ford's death in the Form RI 20–7 he submitted to OPM as a condition to becoming Mr. Ford's representative payee. McCants is therefore obligated under his agreement with OPM to return the $11,214.90 in accrued-but-unpaid lump sum annuity benefits so that OPM may redistribute the money to the proper beneficiary in accordance with the statutory order of precedence set forth in § 8342(c). Accordingly, we conclude that the Board did

not err in affirming OPM's decision that McCants is liable for annuity overpayments in the amount of $17,280.65.*

We have considered McCants' remaining arguments and find them to be unpersuasive.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

---

* We express no opinion as to any entitlement of McCants to reimbursement from the estate of Robert D. Ford of expenses he claims he incurred on behalf of the annuitant, including funeral expenses. Such expenses are not relevant to McCant's obligations to OPM.