**Terry L. SMITH, Petitioner,**

v.

**DEPARTMENT OF ENERGY, Respondent.**

No. 03–3074.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 5, 2003.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

## DECISION

PER CURIAM.

Terry L. Smith appeals from the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Smith v. Dep't of Energy*, No. AT–0351–00–0726–B–1 (M.S.P.B. Feb. 13, 2002) *("Initial Decision")*. Because the Board's decision was not an abuse of discretion, was in accordance with law, and was supported by substantial evidence, we *affirm*.

## DISCUSSION

Mr. Smith was employed as an Offset Press Operator by the Department of Energy ("DOE") at Oak Ridge, Tennessee, when he was separated from service on March 2, 1998 as part of a reduction-in-force ("RIF"). *Id.*, slip op. at 2.

Smith appealed his separation to the Board. The administrative judge ("AJ") assigned to the case dismissed the appeal as being outside the Board's jurisdiction because the AJ found that Smith was a member of a bargaining unit subject to a collective bargaining agreement ("CBA"), which provided a grievance procedure as the exclusive remedy for Smith's separation. *Id.* Smith argued that the CBA no longer covered him, as the bargaining unit had ceased to exist at the time of the RIF. The AJ rejected that argument, finding that Smith had failed to prove both that the local bargaining unit was defunct and that the district or national union with which the local bargaining unit was affiliated could not represent him. *Id.* at 3–4.

The full Board denied Smith's petition for review of the AJ's initial decision, *Smith v. DOE,* No. AT–0351–00–0726–B–1, 93 M.S.P.R. 307, 2002 WL 31306679 (M.S.P.B. Oct.11, 2002), thus rendering the initial decision final. *See* 5 C.F.R. § 1201.113(b) (2002). Smith timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB,* 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, Smith argues that the AJ should have allowed his witnesses to testify regarding the status of his union at the time of the RIF and that the Board failed to consider *Hill v. Department of the Army,* 67 M.S.P.R. 535 (M.S.P.B.1995), which he contends squarely supports the Board's exercise of jurisdiction over an appeal from a RIF separation when the employee's union is defunct. We have considered these arguments and find them unpersuasive.

Section 7121(a)(1) of Title 5 provides that, with exceptions not pertinent to this case, grievance procedures in a CBA "shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a) (2000). Smith's challenge to his RIF separation is a grievance within the coverage of a CBA between the DOE and his local bargaining unit. The issue in this case is thus whether Smith could have availed himself of the CBA's grievance procedures, for if he could have done so, they deprive the Board of jurisdiction over an appeal involving the same facts. Because the burden of establishing Board jurisdiction lies with the appellant, 5 C.F.R. § 1201.56(a)(2)(i) (2002), Smith bears the burden of showing that he could not have availed himself of the grievance procedures, *see Hill,* 67 M.S.P.R. at 535.

In *Hill,* a government employee who was a member of a union bargaining unit was separated as part of a RIF. *Id.* The Board held that it had jurisdiction to hear the employee's appeal because the employee had produced evidence that the local bargaining unit was defunct and no successor organization was able to represent the employee's grievance rights. *Id.*

In this case, the AJ properly applied the test set forth in *Hill.* The AJ determined, as a matter of fact, that Smith did not make a showing that his local union was defunct and that a successor organization could not represent him. *Initial Decision* at 3–4. Substantial evidence supports that determination. Unlike the employee in *Hill,* who presented sworn affidavits from union leaders stating that his local bargaining unit was indeed defunct and that neither the national nor district unions succeeded the local unit, *Hill,* 70 M.S.P.R. at 201, Smith offers as evidence only his own inability, despite what he avers as diligent efforts, to contact any union officials. Smith would also distinguish *Hill* on the fact that in *Hill* the agency informed separated employees how to contact district and national unions, which were also informed of the RIF. That distinction is not controlling. Smith has not demonstrated that the agency is required to help employees and their unions contact each other when there is a RIF. Furthermore, the onus to discover facts showing that he could not avail himself of the grievance procedures rested on Smith.

Smith's contention that the AJ abused her discretion by not allowing Smith to call

several witnesses to testify on his behalf is also not convincing. We have reviewed Smith's summary of his proffered witnesses' testimony and believe that the AJ was well within her discretion in not permitting their testimony, as none of their proposed testimony appears to be relevant to the question whether Smith could satisfy the *Hill* test.

We have carefully considered Smith's remaining arguments and find them unconvincing. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.