**Adan R. FLORES, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 03–3151.

United States Court of Appeals,
Federal Circuit.

Oct. 14, 2003.

Before LOURIE, GAJARSA and DYK,
Circuit Judges.

DECISION

LOURIE, Circuit Judge.

Adan R. Flores appeals from the deci-
sion of the Merit Systems Protection

Board sustaining his demotion. *Flores v. U.S. Postal Serv.*, No. DA–0752–01–0146–I–2 (M.S.P.B. Dec.18, 2002) (*"Final Decision"*); *Flores v. U.S. Postal Serv.*, No. DA–0752–01–0146–I–2 (M.S.P.B. Dec.20, 2001) (*"Initial Decision"*). Because the Board's decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## DISCUSSION

Mr. Flores held the position of Manager, Business Mail Entry, EAS–20, until the United States Postal Service ("the agency") demoted him, effective November 18, 2000, to the position of Clerk, PS–05. The demotion was a penalty for his misuse of a government vehicle, erroneous completion of a PS Form 1260, denial of overtime pay to a subordinate employee, and failure to follow instructions. *Initial Decision*, slip op. at 1–2.

Briefly set out, the events giving rise to those charges were as follows: First, on July 26, 2000, Flores requested that Albert Barrera, his subordinate, report for duty at 7:30 AM the following day, a half hour before Barrera's scheduled shift began, to accompany him on a visit to a political mailer. *Id.* at 3. Rather than visiting a political mailer, Flores traveled with Barrera in a government vehicle to a Veterans Hospital where Barrera (a veteran who was familiar with the hospital system) gave Flores a tour of the facilities, Flores obtained a new Veterans Administration ("VA") card, and Flores applied for increased veteran's disability benefits during a two-hour discussion with a VA counselor. *Id.* at 3–4. Barrera did not seek overtime compensation for his early arrival and presented to Flores a PS 1260 Form stating that he began working at 8:00 AM that day, even though he had met Flores at work by at least 7:15 AM. *Id.* Flores fur-

ther misused a government vehicle on another occasion to visit personal property that had been damaged by a tornado. *Id.* at 12. Also, in August 2000, while Flores was on extended sick leave, the agency twice instructed him not to call agency employees, yet he did so on numerous occasions. *Id.* at 13.

The agency issued to Flores a Notice of Proposed Reduction in Grade setting forth two charges. The first charge was based on misuse of a government vehicle, denial of overtime, and erroneous completion of a PS Form 1260. The second charge was for failure to follow instructions. The agency sustained both charges and, as a penalty, demoted him to a non-supervisory position. In determining an appropriate penalty, the agency took account of his tenure of service, his low likelihood of rehabilitation, the need to put him in a position where he could not abuse his authority, and the effect of the penalty on agency efficiency and employee morale.

Flores appealed to the Board, which affirmed the agency's decision. The administrative judge ("AJ") assigned to the case heard testimony from Flores, Barrera, several other agency employees, and the VA counselor. The AJ consistently found Flores's testimony to be less credible than contrary testimony from others. *Id.* at 7–10, 12, 16. Moreover, the AJ found no merit to the affirmative defenses Flores had raised and found that the penalty of demotion was reasonable. *Id.* at 17–24. The AJ's decision became the Board's final decision pursuant to 5 C.F.R. § 1201.113 (2001). *Flores v. U.S. Postal Serv.*, No. DA–0752–01–0146–I–2, 2002 WL 31875088 (M.S.P.B. Dec.18, 2002). Flores timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

The scope of our review in an appeal from a decision of the Board is limited.

We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, Flores argues that the AJ failed to take into account the fact that Flores had merely signed the PS Form 1260 prepared by Barrera and that Barrera refused to accept overtime compensation. He also contends that he conducted postal business with the VA counselor and that the AJ erroneously determined that he was there solely for personal matters. Finally, Flores argues that the Board should have mitigated his penalty, in light of his physical condition at the time of the infractions, his thirty years of "unblemished" service, and 31 U.S.C. § 1349(b).

■ Flores's arguments are unpersuasive. First, his argument drawing a distinction between completing the PS 1260 Form and signing it is specious. While it is true that Barrera completed the form and that Flores merely signed the form Barrera completed, the fact remains that Flores knowingly signed and thereby approved a form that incorrectly recorded Barrera's time on duty, with the effect that Barrera was not paid overtime that he deserved. Even though Barrera said he was not entitled to overtime compensation, he was entitled to it, and Flores, as Barrera's supervisor, should have recognized that fact.

■ Flores's next argument is a challenge to the AJ's factual determination that Flores met with VA counselor Vallen Fox on July 27, 2000, to discuss personal business. Flores contends that they discussed a nonprofit mailing permit application and points to supporting documentation in the record. On this matter, the AJ made credibility determinations. *Initial Decision*, slip op. at 7 ("I find the testimony of Fox and the appellant on this issue to be less credible than the testimony of Barrera and [another]."). Because the AJ is in the best position to evaluate credibility, her credibility determinations are "virtually unreviewable" on appeal, *see Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, *Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed.Cir. 1987). Flores has not met that high burden to disturb the AJ's credibility determinations. At best, his evidence shows that he and Fox may have discussed postal business, but it does not negate the fact that they primarily discussed Flores's personal matters. *See Initial Decision*, slip op. at 9 ("[I]t is undisputed that Fox helped the appellant fill out his disability application on [July 27, 2000]."). Accordingly, we will not disturb the AJ's factual determination that Flores attended to personal matters while on duty.

Flores's final argument is that the Board should have mitigated his penalty on several grounds: (1) he was impaired at the time of the infractions due to strokes that he had recently suffered; (2) he had a thirty-year record of unblemished service; and (3) 31 U.S.C. § 1349(b) sets forth a less severe penalty. We disagree. In reviewing a penalty, we have consistently held that "[p]enalty decisions are judgment calls best left to the discretion of the employing agency," *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed.Cir. 1985). Accordingly, "we will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discre-

tion.'" *Id.* (quoting *Villela v. Dep't of Air Force,* 727 F.2d 1574, 1576 (Fed.Cir.1984)).

■ Flores's arguments do not demonstrate an abuse of discretion by the agency. First, while Flores points to some medical evidence that he experienced "memory loss, cognitive dysfunction and impaired judgement," that evidence is dated after the agency's decision and well after the events in question. The AJ found not credible Flores's testimony that he was medically impaired at the time of the events. *Initial Decision,* slip op. at 15–16. Flores's later-dated medical evidence does not demonstrate that the AJ's determinations were wrong. Second, Flores's record of service, although lengthy, was not unblemished, as he had on one occasion improperly discriminated against another postal employee. Third, 31 U.S.C. § 1349(b), while it provides that the minimum penalty for misuse of a government vehicle shall be a thirty-day suspension, also provides that the maximum penalty can be removal. 31 U.S.C. § 1349(b) (2000). Moreover, it does not speak to the situation, as we have here, in which misuse of a government vehicle was one of several infractions by the same employee. That statute therefore does not limit Flores's penalty in this case. In conclusion, the agency acted well within its discretion when it demoted Flores to a non-supervisory position, in which he could not take advantage of the privileges of his former position.

For the reasons stated above, we conclude that the Board did not err in affirming the demotion of Flores. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.