NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3097

ANDREW B. SMITH,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  June 9, 2006

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Andrew B. Smith ("Smith") appeals a decision of the Merit Systems Protection Board ("Board"), dismissing his appeal of his two separate 14-day suspensions for lack of jurisdiction.  Smith v. United States Postal Serv., No. SF-0752-05-0583-I-1 (M.S.P.B. Nov. 21, 2005) ("Final Order").  We affirm.

BACKGROUND

The United States Postal Service ("agency") employed Smith as a mailhandler. On February 2, 2002, the agency suspended Smith for 14 days for failure to follow

instructions. On March 9, 2002, the agency again suspended him for 14 days, this time for unacceptable conduct and failure to follow instructions. Subsequently, Smith was removed from his position effective November 18, 2002.

Smith originally filed two complaints with the Equal Employment Opportunity Commission ("EEOC") appealing the two suspensions and his later removal by the agency. The EEOC, however, dismissed the two complaints on the basis that it lacked jurisdiction over so-called "mixed case complaints," and the Board was the proper forum. In reaching his conclusion, the administrative judge of the EEOC stated that:

> The two complaints are related, because the back-to-back disciplinary suspensions totaling 28 days (in this case) culminated in Smith's removal (in the second case).

> I find that the 28-day suspension and the removal issues are appealable only to the [Board].

On April 22, 2005, Smith petitioned the Board to review the February 2, 2002, and the March 9, 2002, 14-day suspension actions. Smith separately appealed his removal to the Board, and that appeal is not the subject of the case before us here. In an initial decision, the Board dismissed Smith's appeal of the two suspension actions, concluding that it lacked jurisdiction to review an appeal of a suspension of 14-days or less, and that two such suspensions cannot be combined to confer Board jurisdiction. See Smith v. United States Postal Serv., No. SF-0752-05-0583-I-1 (M.S.P.B. Aug. 19, 2005) ("Initial Decision").

The initial decision became the final decision of the Board after the Board denied Smith's petition for review. See Final Order, slip op. at 1-2. Smith timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

06-3097                                    2

## DISCUSSION

### A. Standard of Review

Our review of the Board's decision is limited by statute. We may hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

### B. Analysis

The jurisdiction of the Board is not plenary but is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000). The Board does not possess jurisdiction over an appeal of a suspension for 14 days or less. 5 U.S.C. § 7512; 5 C.F.R. § 1201.3a(a)(2); Synan v. Merit Sys. Prot. Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985) (holding that the Board lacks jurisdiction over a suspension of 14 days or less).

On appeal, Smith argues that the Board erred in holding that it lacked jurisdiction because he was suspended twice for 14 days and the aggregate of the suspensions totaled more than 14 days (i.e., 28 days). Smith further contends that the statements by the administrative judge of the EEOC in his dismissal order support combining the two suspensions into a single suspension action. We disagree.

Smith was subjected to two separate disciplinary suspensions of 14 days each. The first suspension, issued on February 2, 2002, resulted from Smith's failure to follow instructions; the second, issued a month later on March 9, 2002, was a result of unacceptable conduct and failure to follow instructions. Arguing in support of Board jurisdiction, Smith principally relies on the statements made by the EEOC administrative judge. Smith's reliance on these statements is misplaced.

The administrative judge in the context of dismissing the two cases—one involving the two suspensions and the other involving the subsequent removal action—indicated that the suspensions and the removal action were related, and the two suspensions totaled 28 days. He went on to refer to the suspensions as "back-to-back" and concluded that the suspension and removal cases were "appealable only to the Board." The statement by the administrative judge that the two suspensions and the removal action were related correctly reflects that both complaints presented "mixed cases" but is of no consequence on the question of Board jurisdiction. The further statement by the administrative judge that the two 14-day suspensions "totaled" 28 days is also correct but cannot alter the fact that the suspensions arose out of separate infractions, were imposed on separate dates, and extended over non-overlapping periods. "Because these two suspensions arose out of separate events and circumstances, they cannot be combined to constitute a single suspension for the purpose of determining jurisdiction." Jennings v. Merit Sys. Prot. Bd., 59 F.3d 159, 161 (Fed. Cir. 1995). The administrative judge thus was incorrect both in characterizing the suspensions as "back-to-back" and in concluding that they were appealable to the Board.

We have considered Smith's other arguments and contentions, and do not find them to be relevant to the issue of Board jurisdiction.

CONCLUSION

For the foregoing reasons, the Board's dismissal of Smith's appeal for lack of jurisdiction is affirmed.

COSTS

No costs.