# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DALE CURTIS PRATT,
      Appellant,

      v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
AT-0752-15-0256-I-1

DATE: February 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dale Curtis Pratt</u>, Pensacola, Florida, pro se.

<u>Dan Efaw</u> and <u>Shari L. Oehrle</u>, Pensacola, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 At all times relevant to this appeal, the appellant held the position of Management Analyst. Initial Appeal File (IAF), Tab 5 at 7-8. In July 2012, the agency suspended him for 5 days, based upon charges of failing to complete assignments within a deadline and inattention to duty. IAF, Tab 5 at 7, Tab 10 at 10-12. In October 2014, the agency suspended the appellant for 14 calendar days, based upon charges of careless workmanship and inattention to duties.[2] IAF, Tab 5 at 8, Tab 10 at 4-9.

¶3 The appellant filed the instant appeal, citing the aforementioned suspensions and alleging that the agency failed to provide him proper training, possibly because, according to the appellant, he was not the agency's preferred choice for his position.[3] IAF, Tab 1 at 3, 5. The administrative judge issued an order, informing the appellant of relevant limits to the Board's jurisdiction and directing him to meet his jurisdictional burden. IAF, Tab 6. The appellant responded, suggesting that the Board should assert jurisdiction over his 5-day and 14-day suspensions because they were for "the same issue." IAF, Tab 7 at 3.

---

[2] The agency first proposed the 14-day suspension in April 2014, but held it in abeyance until October 2014, to give the appellant an opportunity for improvement. IAF, Tab 10 at 4-9.

[3] The appellant did not request a hearing. IAF, Tab 1 at 2.

¶4 The administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶5 In his petition for review, the appellant reasserts that the agency suspended him twice for the same thing—inattention to duty. *Id*. at 4. He also reasserts that the suspensions were attributable to a lack of proper training, possibly because he was not the agency's preferred candidate for his position, which he received as part of the Priority Placement Program. *Id*. We find no reason for disturbing the initial decision based on these arguments.

¶6 The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Rather, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

¶7 Suspensions of more than 14 days are within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and 7513(d), but a suspension of 14 or fewer days is not an appealable action. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010). For purposes of finding Board jurisdiction, consecutive suspensions may be combined when they are based on the same reason. *Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶ 8 (2009). The Board also has left open the possibility that nonconsecutive suspensions may be combined when the suspensions are based on the same reason, and there is evidence that the agency attempted to circumvent Board jurisdiction by imposing multiple suspensions of 14 days or less. *Id*.

¶8 Neither of the appellant's suspensions falls within the Board's jurisdiction on their own; each was 14 days or less. IAF, Tab 5 at 7-8. In addition, the suspensions were not consecutive; they were separated by approximately 2 years. *Id*. However, the appellant suggests that the nonconsecutive suspensions should

be combined for jurisdictional purposes because they are based upon the same reason.  PFR File, Tab 1 at 4.  The administrative judge found otherwise, and we agree.  ID at 2-3.

¶9    As the appellant observes, his suspensions are similar in that each includes a charge of "inattention to duty."   IAF, Tab 10 at 7, 11.   Nevertheless, the suspensions remain separate and distinct, even if both are attributable to a lack of training, as the appellant alleges.  The agency imposed the 5-day suspension in 2012 due to his actions in that calendar year.  *Id*. at 10-11.  It imposed the 14-day suspension in 2014 due to his actions in that calendar year.  *Id*. at 4-9.  We conclude that those separate and distinct suspensions cannot be combined to establish Board jurisdiction.  *See, e.g.*, *Jennings v. Merit Systems Protection Board*, 59 F.3d 159, 160-61 (Fed. Cir. 1995) (finding that two 14-day suspensions were not combinable for purposes of Board jurisdiction because they arose from different events).   We therefore affirm the administrative judge's decision, dismissing the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.