# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIETTE MOSTELLER,<br>Appellant, | DOCKET NUMBER<br>DC-0752-16-0108-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: June 27, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Juliette Mosteller, Glen Burnie, Maryland, pro se.

Richard Johns, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency suspended the appellant for 14 days, from March 22 to April 4, 2015. *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0865-I-1, Appeal File (0865 AF), Tab 10 at 132. However, she was not returned to duty on her next scheduled work day. Initial Appeal File (IAF), Tab 4 at 15. Instead, on April 6, 2015, the agency advised the appellant that it was placing her on an "authorized absence." 0865 AF, Tab 10 at 115. On the same day, the agency proposed her removal. *Id.* at 113-14. The agency did not pay the appellant between March 22 and May 2, 2015. IAF, Tab 4 at 15. The agency resumed her pay effective May 3, 2015. *Id.* Effective May 22, 2015, the agency removed the appellant from her Program Analyst position. 0865 AF, Tab 10 at 20. On June 19, 2015, the agency retroactively paid the appellant for the period from April 5 to May 2, 2015. IAF, Tab 4 at 15-16.

¶3 The appellant filed a Board appeal of her removal on June 15, 2015. 0865 AF, Tab 1. During the processing of her removal appeal, the appellant claimed that the agency had suspended her for around 30 days prior to removing

her. 0865 AF, Tab 23 at 5, Tab 26, Initial Decision (0865 ID) at 2. The administrative judge docketed this separate appeal to address the suspension claim. IAF, Tab 2 at 2. He also docketed a separate individual right of action (IRA) appeal to address the appellant's claims of retaliation for whistleblowing and for protected whistleblower activity raised in a complaint filed with the Office of Special Counsel. *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-16-0107-W-1, Initial Appeal File (0107 AF), Tab 3 at 1-2; IAF, Tab 5, Initial Decision (ID) at 2 n.1.

¶4 In an acknowledgment order, the administrative judge informed the appellant of her burden of proving the Board's jurisdiction over her appeal and he ordered her to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 3-4. The appellant responded. IAF, Tab 3.

¶5 Without holding a hearing, the administrative judge dismissed this appeal for lack of jurisdiction. ID at 1, 5. He found that the Board lacked jurisdiction over her 14-day suspension. ID at 4-5. He further found that the appellant failed to refute the agency's evidence showing that she received retroactive pay for the period beginning April 5, 2015. ID at 3, 5.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A suspension for more than 14 days is an appealable action. 5 U.S.C. § 7512(2); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014). A "suspension" is the temporary placement of an employee in a nonpay, nonduty status. 5 U.S.C. § 7501(2); *Abbott*, 121 M.S.P.R. 294, ¶ 6. The appellant has the burden of proving the

Board's jurisdiction by a preponderance of the evidence.[2]  5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).  The Board's jurisdiction is determined by the nature of the agency's action against an appellant at the time her appeal is filed.  *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 10 (2010).

¶8        Here, the agency did not pay the appellant between March 22 and May 2, 2015.  IAF, Tab 4 at 15.  As the administrative judge properly found, the appellant's 14-day suspension, from March 22 to April 4, 2015, is not an appealable action.  ID at 3 n.2; 0865 AF, Tab 10 at 132; *see Lefavor*, 115 M.S.P.R. 120, ¶ 5 (2010) (stating that a suspension of 14 days or less is not an appealable action).  The administrative judge also found that the appellant failed to refute the agency's evidence proving that she received retroactive pay.[4]  ID at 5.  We agree and find that she was paid retroactively on June 19, 2015, for the period from April 5 to May 2, 2015.[5]  IAF, Tab 4 at 15-16.  Although the appellant was effectively suspended for longer than 14 days because the agency did not pay her after placing her on "authorized absence" on April 6, 2015, she

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

[4] Although the administrative judge mistakenly stated that the agency retroactively paid the appellant for 10 work days, or 80 hours, the record shows that the agency retroactively paid her for 20 work days, or 160 hours.  ID at 3, 5; IAF, Tab 4 at 15-16.  However, such error does not affect the appellant's substantive rights, and thus, it does not provide a reason to disturb the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[5] The record also shows that the appellant did not receive pay during her 14-day suspension from March 22 to April 4, 2015.  IAF, Tab 4 at 15; 0865 AF, Tab 10 at 132.

did not raise her suspension claim until after she received retroactive pay.[6] Further, because the record supports a finding that the two consecutive suspensions arose out of separate events and circumstances, they cannot be combined into one suspension.[7] *See Jennings v. Merit Systems Protection Board*, 59 F.3d 159, 160-61 (Fed. Cir. 1995) (prohibiting the combination of two consecutive suspensions for purposes of determining jurisdiction because they arose out of separate events and circumstances). For these reasons, we find that the appellant has failed to make a nonfrivolous allegation of jurisdiction over a suspension for more than 14 days.

¶9    In her petition for review, the appellant seems to acknowledge that she was paid retroactively, but alleges that the agency's error in not paying her in the first instance was both discriminatory and retaliatory. PFR File, Tab 1 at 59-60. She also raises additional claims of discrimination and prohibited personnel practices on review. *Id.* at 57-61. However, the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012); *see* 5 U.S.C. § 7702(a)(1). Further, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982). Additionally, her claims of retaliation for whistleblowing and for protected whistleblower activity are being addressed in her separately docketed IRA appeal. PFR File, Tab 1 at 57-60; 0107 AF, Tab 3 at 1-2.

---

[6] During the course of the appellant's removal appeal filed on June 15, 2015, she raised a suspension claim for the first time on October 28, 2015, in a prehearing submission. 0865 AF, Tab 1, Tab 23 at 5. She received retroactive pay on June 19, 2015. IAF, Tab 4 at 15.

[7] The appellant's first suspension was based on the charges of failure to follow directions and inappropriate communication, while her placement on "authorized absence" was unexplained and coincided with her proposed removal for alleged lack of candor. 0865 AF, Tab 10 at 113-15, 132-33.

¶10     The appellant claims that the agency refused to cooperate in the discovery process below.  PFR File, Tab 1 at 59.  However, because she did not file a motion to compel, she is precluded from raising this discovery issue for the first time on review.[8]  *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶11     Next, the appellant alleges that the administrative judge abused his discretion by dismissing her appeal for her having untimely filed her response to the acknowledgment order.  PFR File, Tab 1 at 58.  We disagree.  Although the administrative judge noted that the appellant's response was untimely filed, he still considered it and he did not base his dismissal of her appeal on her untimely response.  ID at 5 n.3.  Rather, he dismissed her appeal for lack of jurisdiction.  ID at 1, 5.

¶12     The appellant also argues that the administrative judge abused his discretion by separating her claims of a suspension and whistleblower reprisal from her removal appeal.  PFR File, Tab 1 at 61-62; *see, e.g.*, *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶¶ 11-13 (2011) (finding that the administrative judge abused his discretion by failing to join the appellant's related IRA appeals), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Stein‑Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 339 (1996) (finding that the administrative judge abused her discretion by bifurcating the charges of the agency's removal action).  The decision to bifurcate a Board appeal is a matter committed to the sound discretion of an administrative judge.  *Stein‑Verbit*, 72 M.S.P.R. at 339.  Because the administrative judge separated the appellant's suspension claim to resolve whether the Board had jurisdiction over it, we find that he did not abuse his discretion.  0865 ID at 2; *see Stein-Verbit*,

---

[8] The appellant's submission of a motion to compel from her separate removal appeal does not show that she filed a motion to compel in this appeal.  PFR File, Tab 1 at 49‑52.

72 M.S.P.R. at 340 (stating that bifurcation is an appropriate and efficient means of adjudicating issues of timeliness and jurisdiction).

¶13 The appellant further alleges that the administrative judge's dismissal of her appeal prevented her from obtaining compensatory damages under the Civil Rights Act of 1991 (CRA). PFR File, Tab 1 at 59, 61; *see Hocker v. Department of Transportation*, 63 M.S.P.R. 497, 505 (1994) (holding that an appellant who prevails in an appeal before the Board based on a finding of discrimination may recover compensatory damages from an agency pursuant to the CRA), *aff'd per curiam*, 64 F.3d 676 (Fed. Cir. 1995) (Table). Here, because the appellant did not prevail in her Board appeal based on a finding of discrimination, she may not claim compensatory damages. *See Hocker*, 63 M.S.P.R. at 505. She also argues that the Board must afford her an opportunity to raise a claim for consequential damages before dismissing her IRA appeal. PFR File, Tab 1 at 61; *see Lachenmyer v. Federal Election Commission*, 92 M.S.P.R. 80, ¶ 10 (2002) (finding that the administrative judge should afford the appellant a specific opportunity to raise a claim for consequential damages before dismissing his IRA appeal as moot); *see also Santos v. Department of Energy*, 99 M.S.P.R. 475, ¶ 7 (2005) (finding that an administrative judge erred in dismissing an IRA appeal as moot before providing the appellant with an opportunity to request attorney's fees). However, the appellant may address claims, including her possible entitlement to consequential damages, that are related to her IRA appeal in that separately docketed action.

¶14 Finally, the appellant argues that the administrative judge was biased because he did not find jurisdiction over her suspension claim. PFR File, Tab 1 at 57, 60. The Board will not infer bias based on an administrative judge's case‑related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). We find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (observing

that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

¶15     Accordingly, we find that the administrative judge properly dismissed the appellant's suspension appeal for lack of jurisdiction.[9]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[10]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

---

[9] In light of our disposition, we express no opinion as to whether this appeal was timely filed.

[10] The appellant argues that her appeal is a mixed-case appeal because she has raised claims of discrimination.  PFR File, Tab 1 at 62.  A mixed-case appeal is an appeal filed directly to the Board that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, age, genetic information, or reprisal.  *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 20 (2015). In *Kloeckner v. Solis*, 133 S. Ct. 596 (2012), the U.S. Supreme Court held that an employee who receives a final Board decision in a mixed case may seek review in Federal district court, not the U.S. Court of Appeals for the Federal Circuit, regardless of whether the Board addresses the substance of the discrimination claim.  Here, however, because the appellant has failed to make a nonfrivolous allegation of Board jurisdiction, her appeal is not considered a mixed-case appeal, and we need not provide notice of mixed-case appeal rights.  *See, e.g.*, *Evans v. Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶¶ 9-10 (2013) (finding that the Board need not provide notice of mixed-case appeal rights because the appellant was not affected by an appealable agency action).

that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.