**Ramsey HUBBARD, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 02–3297.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 12, 2002.

Before NEWMAN, LOURIE, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Ramsey Hubbard appeals from the decision of the Merit Systems Protection Board sustaining his removal from his position in the Department of Veterans Affairs. *Hubbard v. Dep't of Veterans Affairs,* No. CH–0752–02–0222–I–1, slip op. at 1 (MSPB May 7, 2002). Because the Board did not err in sustaining the removal, we *affirm.*

DISCUSSION

Mr. Hubbard worked as a part-time Housekeeping Aid beginning in April 1999. *Id.* at 1, 3. In August 1999, Hubbard sustained an injury to his lower back, and the Department thereafter assigned him to perform only light janitorial duties. *Id.* at 3. Hubbard continued to perform those duties until May 2000, when he complained that the walking entailed by those duties was too bothersome to his back condition. *Id.* At that time, the Department temporarily assigned him to a desk job, performing computer data entry, which he performed until June 2000, at which time he requested and took leave without pay. *Id.* On July 17, 2000, he submitted a letter to the Department explaining that he was unable to work because a doctor had placed him on permanent disability. *Id.* at 3–4. The doctor referred to in that letter was Dr. Jasper Williams, who reported to the Department, "It is my considered medical opinion that [Hubbard] is and has been completely disabled and incapable of effective gainful employment." *Id.* at 4. The Department then removed Hubbard on the ground that he was physically disqualified from duty. *Id.*

Hubbard filed an equal employment opportunity complaint in the Department's Office of Resolution Management ("ORM"), which concluded that he had not

been discriminated against on the basis of race, color, or disability. Hubbard then appealed to the MSPB, which affirmed his removal. The administrative judge ("AJ") assigned to the case, whose decision became the Board's final decision pursuant to 5 C.F.R. § 1201.113 (2001), determined that accommodation was not possible, *id.* at 5, and that Hubbard's removal promoted the efficiency of the department, *id.* at 6. The AJ also held that Hubbard's complete and unaccommodatable disability was fatal to his claim of discrimination on the basis of disability because Hubbard could not make the requisite showing that he was "qualified." *Id.* 6–7. Finally, the AJ concluded that the penalty of removal met the legal test for reasonableness. *Id.* at 7–8. Hubbard timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995).

On appeal, Hubbard principally argues that the AJ failed to take into account evidence of irregularities in the ORM's investigation of his discrimination claims as well as evidence of perjury by Department officials. He also contends that the AJ refused to interview his witnesses and did not take into account his doctor's report.

Hubbard's arguments do not persuade us to reverse the Board's decision. First, his general allegations of irregularities in the ORM's investigation are neither specific nor particularized enough for us to evaluate them. Secondly and similarly, his allegations of perjury do not identify who allegedly committed perjury or what was said that was untruthful. In any event, the AJ is in the best position to evaluate credibility; accordingly, the AJ's credibility determinations are "virtually unreviewable" on appeal, *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed.Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, *Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed.Cir.1987). This case presents none of those circumstances, and we find no other basis in the record to justify disturbing the AJ's credibility determinations. Third and also similarly, Hubbard has not identified which witnesses the AJ failed to interview, demonstrated that he requested their testimony, or identified the substance of what they would testify to. Indeed, the record before us shows only that Hubbard requested that he himself testify on his behalf, and that request was granted. *Hubbard v. Dep't of Veterans Affairs*, No. CH–0752–02–0222–I–1, slip op. at 3 (MSPB March 27, 2002) ("Order Summarizing Telephonic Prehearing Conference"); *see also Hambsch*, 796 F.2d at 436 (holding that an AJ did not err in excluding witnesses who were either not proffered or whose relevance was not established). Although it is not our duty to scour the record to find support for a petitioner's allegations or arguments, we have nonetheless reviewed the record before us diligently, and we cannot discern any support for Hubbard's allegations that proper procedures were not followed. Fourth, it is plainly apparent that the AJ considered Dr. Williams's report and understood its significance. Indeed, that report itself constitutes substantial evidence supporting the Board's affirmance of the Department's decision to remove Hubbard on the

ground that he was disabled to an extent that could not be accommodated. In light of that evidence, his appeal fails, and removal was an appropriate penalty.

We have considered Hubbard's other arguments and find them unconvincing. We therefore conclude that the Board did not err in affirming the removal of Hubbard. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

No costs.