NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JESSE VALENZUELA,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

_____

2019-2069

_____

Petition for review of the Merit Systems Protection Board in No. SF-0752-18-0805-I-1.

_____

Decided:  April 1, 2020

_____

JESSE VALENZUELA, Fresno, CA, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before PROST, *Chief Judge*, BRYSON and WALLACH, *Circuit Judges*.

PER CURIAM.

Jesse Valenzuela petitions for review of a Merit Systems Protection Board ("Board") decision affirming the Department of the Treasury's ("Agency") removal of Mr. Valenzuela from his position as a Contact Service Representative. *See Valenzuela v. Dep't of the Treasury*, No. SF-0752-18-0805-I-1, 2019 WL 2121484 (M.S.P.B. May 7, 2019) ("*Decision*"). We affirm.

I

Mr. Valenzuela worked as a Contact Service Representative with the Internal Revenue Service, a bureau of the Agency. The Agency removed him from his position because of his medical inability to perform the essential duties of a Contact Service Representative. Mr. Valenzuela appealed the Agency's removal decision to the Board. An administrative judge, after reviewing undisputed and disputed facts, witness testimony, and various documents, determined that "the [A]gency ha[d] proven by preponderant evidence that [Mr. Valenzuela] was unable to perform the essential duties of his regular, assigned position, with or without accommodation, because of his medical limitations." *Decision*, slip op. at 6. The administrative judge then determined that Mr. Valenzuela had "failed to prove his affirmative defense of disability discrimination." *Id.* at 7.[1] Next, the administrative judge determined that the

---

[1]    As the Government points out, Mr. Valenzuela's Federal Circuit Rule 15(c) Statement indicates that he is not challenging the administrative judge's affirmance of his disability discrimination defense. *See* Resp't's Br. 6. *See also Valenzuela v. Dep't of the Treasury*, No. 19-2069, Statement Concerning Discrimination Pursuant to Fed. Cir. R. 15(c), ECF No. 19 (Sep. 19, 2019) ("No claim of discrimination by reason of . . . handicapped condition has been or will be made in this case.").

Agency had established the requisite showing of nexus between the removal of Mr. Valenzuela and the Agency's potential increased efficiency. The administrative judge then concluded that the Agency's removal of Mr. Valenzuela was reasonable and appropriate and affirmed the Agency.

The initial decision became the Board's final decision and Mr. Valenzuela timely petitioned for our review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

The scope of our review in a petition for review of a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## III

On petition for review Mr. Valenzuela argues that (1) the administrative judge should not have credited the testimony of Mr. Gumm or Ms. McElroy—two of the Agency's witnesses; (2) the Agency failed to follow standard guidelines and protocol during his removal; (3) the Agency's decision to remove him was illegal and violated all applicable federal laws; and (4) the Agency failed to consider his subsequent work restrictions.

Mr. Valenzuela argues that the administrative judge erred in crediting the testimony of Mr. Gumm and Ms. McElroy. We disagree. The administrative judge found both of these witnesses credible, *see Decision*, slip op. at 6 n.3, 9, 10, and the administrative judge is the one in the best position to evaluate witness credibility, *see Hubbard v. Department of Veterans Affairs*, 51 F. App'x 8, 9 (Fed. Cir. Nov. 12, 2002) (declining to disturb an administrative judge's witness credibility determination). "The evaluation of witness credibility is a matter within the discretion of

the [administrative judge] and is virtually unreviewable." *Frey v. Dol*, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (internal quotation marks omitted). Given the deference owed to these findings, we decline to reverse the administrative judge's credibility findings in this case.

Mr. Valenzuela also contends that the Agency failed to follow those guidelines in the Human Resources management section under the Internal Revenue Manual and the Federal Employees Compensation Act. The administrative judge, however, found that the Agency followed the guidelines when it utilized its reasonable accommodation process to return Mr. Valenzuela to work. In reaching this conclusion the administrative judge credited the testimony of Ms. Melendez and Mr. Schoonmaker—testimony that Mr. Valenzuela has not challenged. The administrative judge also determined that Ms. Melendez "went beyond what was required" in trying to find Mr. Valenzuela a reasonable accommodation and that Mr. Valenzuela failed to show that the agency had any duty beyond utilizing its reasonable accommodations process. *Decision*, slip op. at 11–12. Mr. Valenzuela has not provided sufficient argument to overcome the administrative judge's factual determinations. *See Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (providing that we will "not overturn [the Board's] decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). Accordingly, we conclude that substantial evidence supports the administrative judge's conclusion that the Agency followed these guidelines.

We have considered the remaining arguments and find them either lacking sufficient detail or unpersuasive. For example, as to Mr. Valenzuela's contention that the Agency's removal decision violated federal law, Mr. Valenzuela has not identified which federal laws were violated. And as to Mr. Valenzuela's argument that the Agency

failed to consider his subsequent work restrictions, Mr. Valenzuela has not identified which work restrictions were not considered.[2]  As we have noted before, "it is not our duty to scour the record to find support for a petitioner's allegations or arguments."  *Hubbard*, 51 F. App'x at 9. Nevertheless, we have "reviewed the record before us diligently, and we cannot discern any support" to reverse the administrative judge.  *Id.*

We therefore conclude, on the record before us, that the administrative judge's decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

**AFFIRMED**

COSTS

The parties shall bear their own costs.

---

[2]    Upon a review of the Respondent's Appendix, the only appendix submitted in this matter, we note that the Agency did consider a January 10, 2018 statement from Mr. Valenzuela's health care provider, which appears to address his subsequent work restrictions.  *See* Resp't's App. 27.