NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT F. SCHALLMO, BERNADETTE L. ALABISO-SCHALLMO,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1502

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00256-MCW, Senior Judge Mary Ellen Coster Williams.

---

Decided:  September 1, 2020

---

ROBERT F. SCHALLMO, BERNADETTE L. ALABISO-SCHALLMO, Norwood, MA, pro se.

SHERRA TINYI WONG, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRUCE R. ELLISEN, RICHARD E. ZUCKERMAN.

---

Before PROST, *Chief Judge*, DYK and HUGHES, *Circuit Judges.*

PER CURIAM.

In January 2018, Robert Schallmo and Bernadette Ala-biso-Schallmo ("Appellants") filed a petition with the United States Tax Court relating to tax years 1979 through 2016. S.A. 17–18.[1] The Tax Court dismissed the case for lack of jurisdiction. S.A. 70–71. Subsequently, on February 8, 2019, Appellants filed a separate suit in the United States Court of Federal Claims ("Claims Court") challenging the collection actions taken by the Internal Revenue Service ("IRS") for tax years 2001, 2003–2006, 2010, and 2011, and seeking damages for such actions. *Schallmo v. United States*, 147 Fed. Cl. 361, 362 (2020). As to all tax years except 2010, the Claims Court dismissed for lack of jurisdiction. *Id.* at 363. And with respect to tax year 2010, the Claims Court concluded that Appellants' claim was barred by I.R.C. § 6511(b)(2)(A). *Id.* The Claims Court further concluded that, "to the extent [Appellants] seek damages resulting from an unauthorized collection action, or for failure to release a lien, such claims are reserved exclusively for the District Court." *Id.* at 363–64.

Appellants appealed the Claims Court's decision to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We affirm.

## DISCUSSION

Appellants advance only one argument on appeal: that because the Tax Court concluded "that the IRS does not have jurisdiction," we should therefore rule in Appellants' favor. Reply Br. 1; *see also* Appellants' Br. 1–2. Appellants appear to have confused the Tax Court's jurisdiction over

---

[1] Citations to "S.A." refer to the supplemental appendix filed by the government with its brief.

the claims Appellants raised in their petition with the IRS's authority to assess and collect taxes.  Jurisdiction relates to a court's authority to review a claim.  *See, e.g.,* *Kili/Bikini/Ejit Loc. & Gov't Council ex rel. People of Bikini v. United States*, 554 F.3d 996, 999 (Fed. Cir. 2009).  In concluding that it lacked jurisdiction over Appellants' claims, the Tax Court merely concluded that it had no authority to review the merits of Appellants' claims, not that the IRS lacked authority to collect the taxes from Appellants.  Accordingly, the Tax Court's decision on jurisdiction in no way relates to the appropriateness of any taxes the IRS has imposed on Appellants.

Although we do not read Appellants' briefing as raising any additional arguments, because documents filed *pro se* are to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we address a number of additional issues.

To the extent Appellants contest the validity of the tax assessments for tax years 2004–2006 and 2011, we agree with the Claims Court that it lacked jurisdiction over such disputes at least because Appellants never filed refund claims for these years.  *See Schallmo*, 147 Fed. Cl. at 363.  Under I.R.C. § 7422(a), "a party seeking to recover any internal-revenue tax, penalty, or sum from the United States must pursue and exhaust its administrative remedies pursuant to the IRS's regulations prior to filing a complaint in federal court." *Strategic Hous. Fin. Corp. of Travis Cnty. v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010); *see also* I.R.C. § 7422(a); *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994).  On appeal, the government maintains, and Appellants do not contest, that Appellants never filed refund claims for these years. *See, e.g.,* Gov't's Br. 11.[2]  Accordingly, because there is no

---

[2]    In addition, although "it is not our duty to scour the record," we have "reviewed the record before us diligently" and have not found any evidence supporting that

dispute that Appellants did not first file qualifying administrative refund claims with the IRS for tax years 2004–2006 and 2011 prior to filing suit at the Claims Court, we affirm the Claims Court's conclusion that it lacked jurisdiction to review the validity of the tax assessments for tax years 2004–2006 and 2011.

To the extent Appellants contest the validity of the tax assessments for tax years 2001 and 2003, we conclude that the Claims Court lacked jurisdiction over such claims.  Under I.R.C. § 6532(a)(1),

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

The record reflects that the IRS disallowed claims for 2001 and 2003 in May and June 2006, respectively.  S.A. 22, 25.  Because Appellants' February 2019 complaint was filed far outside § 6532(a)(1)'s two-year limit, the Claims Court lacked jurisdiction to review the validity of the tax assessments for tax years 2001 and 2003.

To the extent Appellants seek a refund for tax year 2010, we agree with the Claims Court that the claim is barred by I.R.C. § 6511.  *See Schallmo*, 147 Fed. Cl. at 363.  In relevant part, § 6511(b)(2)(A) limits a refund to "the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."  For tax year 2010, Appellants filed a refund claim in the form of their tax return.  S.A. 56–66.  Appellants signed the return on

---

Appellants did file such refund claims.  *See Hubbard v. Dep't Veterans Affs.*, 51 F. App'x 8, 9 (Fed. Cir. 2002).

April 19, 2014. S.A. 58. Thus, Appellants made a claim for a refund no earlier than April 19, 2014. However, as the Claims Court found, S.A. 4, the record reflects that the refundable credits claimed by Appellants on their 2010 return were deemed to have been paid on April 15, 2011. S.A. 44, 46. Because the record reflects that the credits were deemed to have been paid more than three years before Appellants filed a refund claim, the refund claim is barred by § 6511.

To the extent Appellants seek damages for allegedly wrongful collection actions or for the IRS's failure to release a tax lien, we agree with the Claims Court that it lacked jurisdiction over the claim because "such claims are reserved exclusively for the District Court." *Schallmo*, 147 Fed. Cl. at 363–64; *see also* I.R.C. § 7432 (vesting district courts, not the Claims Court, with jurisdiction to entertain claims for wrongful failure by the IRS to release a lien); *id.* § 7433 (vesting district courts, not the Claims Court, with jurisdiction to entertain unauthorized collection actions against the IRS); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (concluding that district courts, not the Claims Court, have jurisdiction over claims "seeking damages flowing from the allegedly unlawful collection activities of the IRS").

For the foregoing reasons, the decision of the Claims Court is affirmed.

## AFFIRMED

### COSTS

No costs.