## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD L. LUFT,
           Appellant,

      v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
DA-0432-21-0090-I-1

DATE: February 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard L. Luft</u>, Fort Worth, Texas, pro se.

<u>Amber D. Garcia</u>, Esquire, and <u>Karen Denise Haertl</u>, Esquire, Fort Worth, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which upheld the removal action for unsatisfactory performance and found that he did not prove his claims of failure to accommodate and disparate treatment disability discrimination. On petition for review, the appellant challenges some of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's findings regarding the unsatisfactory performance charge and his analysis of the disparate treatment disability discrimination claim, and he raises a claim of administrative judge bias. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to supplement the administrative judge's analysis of the appellant's disparate treatment disability discrimination claim, but we still find that the appellant did not prove this claim. Except as expressly MODIFIED herein, we AFFIRM the initial decision.

¶2      The appellant claims on review that his supervisor did not allow him to be trained and that he did not have proper software experience. Petition for Review (PFR) File, Tab 1 at 9. The administrative judge addressed these claims in the initial decision. He made numerous demeanor-based credibility determinations in favor of the appellant's supervisor. Initial Appeal File, Tab 36, Initial Decision (ID) at 19. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

The appellant has not presented such sufficiently sound reasons. In particular, the appellant asserts that he "recorded more than 20 to 30 acts of perjury" and that his supervisor committed perjury "12 times." PFR File, Tab 1 at 9. However, he failed to identify a specific instance in which his supervisor or another agency official committed perjury. *See, e.g.*, *Hubbard v. Department of Veterans Affairs*, 51 F. App'x 8, 9 (Fed. Cir. 2002) (explaining that Mr. Hubbard's arguments did not persuade the court to reverse the Board's decision because, among other things, "his allegations of perjury [did] not identify . . . what was said that was untruthful").[2] Thus, this argument is not persuasive. Moreover, the Board will not disturb an administrative judge's findings when, as here, he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶3    We have considered the administrative judge's analysis of the substantive elements of a chapter 43 unacceptable performance action. We discern no error with his analysis or his conclusion that the agency proved the charge by substantial evidence. ID at 5-34; *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

¶4    Regarding the appellant's disparate treatment disability discrimination claim, we modify the initial decision to supplement the administrative judge's analysis based on recent case law. In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 35-42, the Board cited to *Southerland v. Department of Defense*, 119 M.S.P.R. 566 (2013), which was relied upon by the administrative judge, ID at 38-40, and clarified the proper standard for analyzing a status-based disability discrimination claim. Under both *Southerland* and

---

[2] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds the court's reasoning persuasive. *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

*Pridgen*, however, the appellant bears the initial burden to show that his disability was a motivating factor in the removal action. *Pridgen*, 2022 MSPB 31, ¶ 40; *Southerland*, 119 M.S.P.R. 566, ¶¶ 18, 23. We discern no error with the administrative judge's conclusion that the appellant did not prove that his disability was a motivating factor in his removal. ID at 39-40. Because the appellant did not meet this initial burden, we do not reach the question of whether his disability was a "but-for" cause of the removal action.[3] *See Pridgen*, 2022 MSPB 31, ¶¶ 40, 42.

¶5      We have also considered the appellant's argument that his supervisor showed general hostility to his health conditions. PFR File, Tab 1 at 9. The administrative judge evaluated this argument in the initial decision. ID at 39-40. He considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359. We discern no error with his analysis in this regard.

¶6      The appellant states on review that his doctor told him that he was "in the beginning stages of Multiple Sclerosis." PFR File, Tab 1 at 9. However, he does not provide any corroborating documentation to support this diagnosis or any evidence that he apprised the agency of this diagnosis or its impact on his performance at any time before the removal action was effected. Accordingly, this single statement on review does not warrant a different outcome.

¶7      We have considered, but do not find persuasive, the appellant's claims of administrative judge bias. *Id.* An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of*

---

[3] It does not appear that the appellant is challenging on review the administrative judge's analysis of his failure to accommodate claim. We discern no error with the administrative judge's analysis of this claim, ID at 34-38, and we affirm it herein.

*the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant has identified no action or statement of the administrative judge that evidences such favoritism or antagonism.

¶8    Having determined that the agency proved the charge, and the appellant did not prove his disability discrimination claims, we lack the authority to mitigate the removal penalty.  *See Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1566-67 (Fed. Cir. 1985) (holding that the Board has no authority to mitigate a removal action taken under 5 U.S.C. chapter 43 for unacceptable performance).  Accordingly, we affirm the removal action.[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file

---

[4] The appellant includes a copy of his removal Standard Form 50 on review.  PFR File, Tab 1 at 11.  Evidence that is already a part of the record is not new.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
_____
                                                  Jennifer Everling
                                                  Acting Clerk of the Board
Washington, D.C.